UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM BENTLEY,

        Plaintiff,

v.                                Case No. 6:13-cv-1266-Orl-37KRS

VOLKSWAGEN GROUP OF AMERICA,
INC.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Motion to Remand (Doc. 20), filed September 19, 2013;

2. Defendant Volkswagen Group of America, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion for Remand to State Court (Doc. 21), filed October 2, 2013;

3. Notice of Supplemental Suppport [sic] (Doc. 22), filed October 21, 2013; and

4. Defendant Volkswagen Group of America, Inc.'s Response to Plaintiff's Notice of Supplemental Support and Incorporated Memorandum of Law (Doc. 24), filed October 23, 2013.

Upon consideration, the Court finds that Plaintiff's motion is due to be granted.

## BACKGROUND

Nearly four years ago, Plaintiff bought an allegedly defective Audi manufactured by Defendant. (Doc. 2, ¶¶ 1–6.) After failed attempts to repair the vehicle, Plaintiff brought this Magnuson-Moss Warranty Act ("MMWA") claim in state court for breach of

warranty. (*Id.* ¶¶ 25–35.) Defendant removed the case to this Court, alleging that the amount in controversy exceeds the MMWA's $50,000 jurisdictional minimum. (Doc. 1, ¶¶ 1–4.)

Plaintiff now moves to remand, arguing that "Defendant has put forth no evidence, nor does any evidence . . . exist, that would demonstrate Plaintiff's damages exceed anywhere near $50,000." (Doc. 20, p. 5.) Plaintiff also filed an appraiser's report, which purports to value damages at around $35,000. (Doc. 22.) Defendant opposes. (Docs. 21, 24.) This matter is now ripe for the Court's adjudication.

## STANDARDS

The amount in controversy required to bring a MMWA claim in federal court is $50,000. 15 U.S.C. § 2310(d)(3)(B). The defendant bears the burden of establishing the amount in controversy by a preponderance of the evidence. *See Burns v. Winnebago Indus., Inc.*, No. 8:10-cv-1441-T-24-MAP, 2010 WL 3190233, at *1–2 (M.D. Fla. Aug. 11, 2010).

Because the MMWA is "virtually silent" as to measuring damages, courts must look to state law. *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298–99 (11th Cir. 1999) (citation and internal quotation marks omitted). Under Florida law, "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted . . . ." Fla. Stat. § 672.714(2). Therefore, the proper measure of damages is the purchase price of a non-defective car less the value of the defective car when it was purchased. *See Chmura v. Monaco Coach Corp.*, No. 8:04CV2054-T-24MAP, 2006 WL 709325, at *4 (M.D. Fla. Mar. 20, 2006). The current value of the defective car is irrelevant. *See Burns*, 2010 WL 3190233, at *2 n.3.

2

**DISCUSSION**

The purchase price of the car was $166,260. (Doc. 20, Ex. A, p. 22.) The relevant number for determining damages is the worth of the car, with defects, at the time it was purchased. *See Burns*, 2010 WL 3190233, at *2. The purchase price less the worth of the defective car at the time of purchase is the diminished value. *See Chmura*, 2006 WL 709325, at *4.

Plaintiff's appraiser states that the diminished value of the car is $35,549.71. (Doc. 22, p. 7.) The appraiser's report is rather inarticulately written, but it appears to indicate that this number is the *current* diminished value of the car—that is, the difference between the current value of the defective vehicle and the current value of a non-defective, comparable three-year-old vehicle.[1] (*See id.* ("[T]he manufacturing defects and service history reduced the vehicles' [sic] value to *less than the current trade-in value* by 20% or $35,549.71 of the original purchase price of approximately $177,748.55."[2] (emphasis added)).) This number is therefore immaterial. *See Burns*, 2010 WL 3190233, at *2 n.3 ("Defendant has proffered a *current* value . . . , but the relevant inquiry for determining damages for a breach of warranty focuses on the value of the defective [vehicle] *on the date that Plaintifs* [sic] *purchased it*.").

Even assuming that the relevant diminished value is approximately $35,000, Defendant does nothing to make up the nearly $15,000 difference to satisfy the amount in controversy. Defendant asserts that the cost to repair the engine "more likely than

---

[1] Defendant seems to accept that $35,549.71 is the relevant diminished value of the vehicle for the purpose of the Court's calculations (*see* Doc. 24, p. 2), but the appraiser's lack of clarity in phrasing and use of unsubstantiated numbers makes the significance of that value suspect.

[2] While the appraiser uses the number $177,748.55 as the price of the vehicle (Doc. 22, p. 7), the actual sales price listed on Plaintiff's invoice is $166,260 (Doc. 20, Ex. A, p. 22). Regardless, this difference does not change the Court's consideration.

3

not" makes up the nearly $15,000 difference. (Doc. 24, pp. 2–3.) This argument fails for three reasons. First, as discussed above, it is not certain that the diminished value of the vehicle at the time of purchase was even $35,000. Second, it is unclear that Plaintiff can recover cost of repair on top of diminished value, as that may result in overcompensation. *Cf. Koplowitz v. Girard*, 658 So. 2d 1183, 1184 (Fla. 4th DCA 1995) (noting that return of contract price plus cost of repair overcompensated the buyer); *Miles v. Kavanaugh*, 350 So. 2d 1090, 1093 (Fla. 3d DCA 1977) (affirming a damages award of only cost of repair with no mention of diminished value). Finally, Defendant offers absolutely no facts in support of the contention that the cost to repair the vehicle would exceed $15,000; such bare allegations are insufficient to meet Defendant's burden. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Furthermore, despite Defendant's urging (*see* Doc. 21, p. 6), Plaintiff's refusal to stipulate that his damages do not exceed $50,000 does nothing on its own to convince the Court that Defendant has met its burden. *See Williams*, 269 F.3d at 1320 (noting that there are many reasons why a plaintiff would not want to stipulate to the amount in controversy).

Because Defendant has not proffered a value for the defective vehicle at the time of purchase, the Court has serious doubts about whether the $50,000 amount in controversy is met. *See Burns*, 2010 WL 3190233, at *2 (remanding a similar case where the defendant failed to offer a value for the defective vehicle on the date of sale). Those doubts must be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Plaintiff's motion is therefore due to be granted.[3]

---

[3] Defendant insists that this remand motion is untimely because it was filed more than thirty days after removal. (Doc. 21, p. 2.) However, the statute to which Defendant

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Remand (Doc. 20) is **GRANTED**.

2. This action is **REMANDED** to the Circuit Court in and for Seminole County, Florida.

3. The Clerk is **DIRECTED** to close this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 5, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Circuit Court in and for Seminole County, Florida

---

cites actually provides that remand motions "on the basis of any defect other than lack of subject matter jurisdiction" must be made within thirty days. 28 U.S.C. § 1447(c). As this motion challenges the Court's subject-matter jurisdiction due to a lack of the requisite amount in controversy, and subject-matter jurisdictional issues can be raised at any time, it is timely.

5